```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
```

| | |
|---|---|
| **TOMMY EARL JONES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **No. 13-cv-2942-MSN-tmp** |
| | ) |
| **STEPHEN CUDDY, M.D.,** | ) |
| | ) |
|     **Defendant.** | ) |

### ORDER DENYING PLAINTIFF'S MOTION FOR PHYSICAL EXAMINATION

Before the court by order of reference is *pro se* plaintiff Tommy Earl Jones's Motion for Physical Examination. (ECF Nos. 45; 47.) Jones filed the motion on April 15, 2019, and defendant Stephen Cuddy, M.D., responded (ECF No. 48) on April 26, 2019. For the following reasons, the motion is DENIED.

Jones brings this lawsuit, pursuant to 42 U.S.C. § 1983, alleging that Dr. Cuddy violated his Eighth Amendment rights. Jones, who is apparently incarcerated at West Tennessee State Penitentiary, contends that he spoke to the Warden in November 2013 about his inability to obtain medical treatment and medication. Jones further alleges that the Warden arranged for Jones to be treated by Dr. Cuddy. According to Jones, Dr. Cuddy treated him in 2013 and failed to prescribe the proper medication to treat Jones's pain.

In the present motion, which Jones brings under Federal Rule of Civil Procedure 35, Jones seeks an order requiring a medical examination of himself. Rule 35(a)(1) provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." "[M]any federal courts construing Rule 35 have concluded that the rule 'does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself' but applies only where an opposing party moves for the examination." Baxter v. Tennessee, No. 10-2667, 2014 WL 2533812, at *2 (W.D. Tenn. June 5, 2014) (quoting Brown v. United States, 747 F. App'x 611, 614 (7th Cir. 2003)); Gannaway v. Prime Care Med., Inc., 150 F. Supp. 3d 511, 514 n.4 (E.D. Penn 2015) ("[Rule 35] does not permit a party to seek his own medical examination, and a prisoner cannot use Rule 35 as a mechanism for obtaining a second medical opinion when he disagrees with the course of treatment prescribed by prison medical personnel."); Christensen v. United States, No. 5:11-321, 2014 WL 1513140, at *4 (E.D. Ky. Apr. 16, 2014) ("Rule 35 is a *discovery* tool designed to permit an opposing party to conduct a physical or mental examination of the other party; discovery is not required for a party to obtain such an examination of him or herself."). The court finds that,

based on the present record, Jones cannot use Rule 35 as a means to obtain a court ordered medical examination of himself.

For these reasons, Jones's motion is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 29, 2019
Date